J. A. Bell, Inc. *v*. The Zoning Hearing Board of Hickory Township et al. J. A. Bell, Inc. et al., Appellants.

Argued June 3, 1985, before Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Gary L. Farren,* for appellant, J. A. Bell, Inc.

*David T. Mojock, Gamble, Verterano, Mojock, Piccione & Greene,* for appellant/intervenor, John J. Wallas and Michael Misco.

*Carmen F. Lamancusa, Lamancusa & Cilli, P.C.,* for appellant/intervenors, John J. Welther, et al.

*Donald J. Nicolls,* for appellee, Zoning Hearing Board of Hickory Township.

OPINION BY JUDGE DOYLE, September 16, 1985:

Appellant, J. A. Bell, Inc., appeals from an order of the Lawrence County Court of Common Pleas, which affirmed the decision of the Hickory Township Zoning Board of Adjustment (Board) denying Appellant's request for a special exception.

Appellant is the lessee of certain coal mining rights on property located within an agricultural zoning district in Hickory Township.[1] On March 1, 1983, Appellant submitted an application to the Township Planning Commission requesting the use of the leased property as an open-pit coal mine, a use permitted

---

[1] The owners and lessors of this property, Wallas Dairy, John J. Wallas, and Michael Misco, have intervened in this appeal, and raise the same issues as does Appellant.

in agricultural districts when authorized as a special exception under Section 1006 of the Township's Zoning Ordinance. That section provides that in considering the approval of such special exception, the Planning Commission and the Board shall consider "the protection of lives, safety, and welfare of the residents of the Township of Hickory, as well as land deterioration and substantial decrease of the value and enjoyment of surrounding properties."

Appellant's application was denied by the Township's Planning Commission and Appellant appealed to the Board. After holding a public hearing and receiving testimony, the Board found *inter alia,* that the coal mine would be constructed within 1000 feet of at least forty residential homes, in which between thirty and forty children live; that the operation would involve the use of heavy machinery, trucks, and frequent blasting; and that the mine would be in operation for 2½ to 4 years, with hours of operation from 7:00 A.M. to 2:00 A.M., 5½ days per week. On the basis of these facts the Board denied the special exception, concluding that the proposed use would substantially decrease the value and enjoyment of the surrounding properties, and would create a safety hazard, endangering the lives and welfare of the children in the area. Appellant appealed this decision to the court of common pleas, which affirmed without taking additional evidence.

On appeal to this Court, Appellant argues that the protestants, neighboring home owners, failed to prove by substantial evidence that the proposed use would substantially and adversely affect the health, safety and welfare of the community. Appellant also argues that the Hickory Township Zoning Ordinance is unconstitutionally exclusionary as applied in that it excludes coal mining as a use in the Township. These

646

issues are identical to the issues raised before the court of common pleas. After a careful review of the record we conclude that that court correctly resolved those issues, and shall affirm on the basis of the comprehensive and well-reasoned opinion of Judge FRANCIS X. CAIAZZA reported at      Pa. D. & C. 3d      (1984).

ORDER

Now, September 16, 1985, the Order of the Court of Common Pleas of Lawrence County, No. 89 of 1983, M.D., dated January 6, 1984, is hereby affirmed.